UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY FARKAS, M.D., LLC, d/b/a INTERVENTIONAL NEURO ASSOCIATES, and ALICEA SHERISE,<br><br>                 Plaintiffs,<br>   v.<br><br>CIGNA HEALTH AND LIFE INSURANCE CO. and PROGRAM DEVELOPMENT SERVICES, INC.,<br><br>                 Defendants. | Civil Action No.: 18-5232 (JBW) (SMG)<br><br>*Document Electronically Filed* |

**DEFENDANT CIGNA HEALTH AND LIFE INSURANCE CO.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

E. Evans Wohlforth, Jr.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500

*Attorneys for Cigna Health and Life Insurance Company*

2727282.1 106782-99340

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................. 1

LEGAL ARGUMENT .................................................................................................................. 2

    I.    SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT CIGNA DID NOT ABUSE ITS DISCRETION. ..................................................................................................... 2

        A.    Farkas Is Not Entitled to Be Paid 100% of its Billed Charges Because it Did not Render Services in an Emergency Room. ................................................................ 4

        B.    Plaintiffs Are Barred From Asserting in Litigation a New Basis for Reimbursement That They Never Previously Presented to Cigna. ........................................................ 6

        C.    If Plaintiffs' Services Were Considered Pre-Stabilization Inpatient Services, They Were Reimbursed Correctly. ............................................................................................ 7

    II.    SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE CIGNA IS NOT A PROPER DEFENDANT ............................................................................................... 8

    III.    SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIM IS DUPLICATIVE OF ITS CLAIM FOR BENEFITS. ................................................................................................................. 11

CONCLUSION ........................................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Biller v. Excellus Health Plan, Inc.*,
    No. 14-0043, 2015 WL 5316129 (N.D.N.Y. Sept. 11, 2015).................................................10

*Bushell v. UnitedHealth Grp. Inc.*,
    No. 17-2021, 2018 WL 1578167 (S.D.N.Y. Mar. 27, 2018).....................................................9

*CIGNA Corp. v. Amara*,
    563 U.S. 421 (2011)................................................................................................12, 13

*Gallagher v. Empire HealthChoice Assurance, Inc.*,
    339 F. Supp. 3d 248 (S.D.N.Y. 2018)..........................................................................9, 10, 11

*Georgas v. Kreindler & Kreindler*,
    41 F. Supp. 2d 470 (S.D.N.Y. 1999).................................................................................9, 10

*Hall v. Kodak Ret. Income Plan*,
    363 F. App'x 103 (2d Cir. 2010) .........................................................................................11

*Jones v. UNUM Provident Ins.*,
    No. 06-1427, 2007 WL 2609791 (N.D.N.Y. Sept. 5, 2007)................................................9, 10

*Nechis v. Oxford Health Plans, Inc.*,
    421 F.3d 96 (2d Cir. 2005)..................................................................................................11

*New York State Psychiatric Association, Inc. v. UnitedHealth Group*,
    798 F.3d 125 (2d Cir. 2015)...................................................................................9, 10, 11

*Novella v. Westchester Cty.*,
    No. 02-2192, 2004 U.S. Dist. LEXIS 15152 (S.D.N.Y. Aug. 2, 2004)....................................6

*Varity Corp. v. Howe*,
    516 U.S. 489 (1996)...............................................................................................11, 13

**Statutes**

29 U.S.C. § 1132(a)(1)(b) ...........................................................................................................2

Defendant Cigna Health and Life Insurance Company ("Cigna") respectfully submits this memorandum of law in support of its motion for summary judgment as to all of the claims asserted by Plaintiffs Jeffrey Farkas, M.D., LLC, d/b/a Interventional Neuro Associates and Alicea Sherise ("Patient") (collectively, "Plaintiffs").[1]

## PRELIMINARY STATEMENT

The dispositive argument in this matter remains simply stated. Plaintiffs' Amended Complaint alleges a claim under ERISA asserting that they should have been reimbursed under an Emergency Room provision that allegedly provides for 100% of the billed charge. To prevail, Plaintiffs must show that failing to apply this provision amounted to an abuse of discretion. But, Plaintiffs did not render services in an Emergency Room and did not file a claim under the Emergency Room provision. On the contrary, while Plaintiffs rendered services for a very serious condition, they were nevertheless performed as inpatient services and the claim as filed was coded as inpatient services, and not Emergency Room services. It cannot have been an abuse of discretion for Cigna or any other claims administrator to not reimburse pursuant to the Emergency Room provision when that is not how Plaintiffs' services were performed or how the claim was submitted.

That should be an end to the matter. This Court sits in review of Cigna's claim determination and it would be error – and clearly unfair – to fault Cigna for paying Plaintiffs' claim exactly as they requested. Plaintiffs change course yet again, however, asserting for the first time that, had Cigna applied a different Plan provision that allows for reimbursement for out-of-network inpatient pre-stabilization services to be paid according to in-network coinsurance levels, they

---

[1] As the Court is aware, Cigna filed a motion to dismiss on March 1, 2019 (Doc. No. 24), and the Court converted the motion to a motion for summary judgment on March 18, 2019 (Doc. No. 28).

would have been entitled to greater reimbursement. Plaintiffs, however, have never invoked this provision before, and it is inappropriate for them to assert it for the first time in their brief in opposition to this Motion.[2]

Summary judgment is also warranted because Cigna served only as a claims administrator under the Plan at issue, and it did not have sole and absolute discretion over claims under the Plan, which is a necessary prerequisite for holding a claims administrator liable on an ERISA benefits claim. Plaintiffs' and Defendant Program Development Services, Inc.'s ("PDS") arguments to the contrary are refuted by clear Second Circuit law.

Finally, Plaintiffs' fiduciary duty claim is simply a claim for benefits dressed up to give Plaintiffs a second bite at the apple. Plaintiffs' fiduciary duty claim seeks the same supposed underpayment of benefits that Plaintiffs could obtain – if their claim for benefits had any merit – under Section 502(a)(1)(B).[3] It should be dismissed along with Plaintiffs' claim for benefits.

**LEGAL ARGUMENT**

**I.      SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT CIGNA DID NOT ABUSE ITS DISCRETION.**

The basic point is that Cigna could not have abused its discretion by declining to reimburse Plaintiffs according to a Plan term governing services provided in an Emergency Room when Plaintiffs themselves performed inpatient hospital services and submitted a claim for inpatient

---

[2] The Court need not and should not reach the point, but, for the Court's information, the Plan's inpatient pre-stabilization provision would provide Plaintiffs with no further reimbursement. As explained below, Cigna's payment of Plaintiffs' claim was consistent with treating Plaintiff's services as inpatient pre-stabilization services.

[3] This section is codified at 29 U.S.C. § 1132(a)(1)(b). As is customary in ERISA cases, this brief will refer to the statutory section names, with appropriate reference to the code section as necessary for clarity.

2

hospital services. The Plan provisions are location specific – they make a clear distinction between services provided in an Emergency Room and services provided in an inpatient hospital setting. Plaintiffs argues that the services were "emergent" in character and the record reflects that the patient's condition was, to be sure, very serious and required prompt intervention. Whether a lay person would call the situation "emergent" is not an issue the Court must decide; Plaintiffs' post-hoc characterization of the inpatient services they provided as "emergent" does not trigger the provision they rely upon. That provision is headed "Emergency Room." Having coded the claim as one for inpatient services, Plaintiffs cannot now claim an abuse of discretion for not treating the claim as an Emergency Room claim.

For this reason, the Court need not reach Plaintiffs' argument based upon the inpatient pre-stabilization provision. In fact, Plaintiffs have never before invoked this provision, and it cannot have been an abuse of discretion for Cigna not to consider information that Plaintiffs never provided. Whether Cigna abused its discretion by not paying Plaintiffs' claim under the Emergency Room provision is the only issue before the Court and summary judgment should be granted to Defendants, therefore.

Nevertheless, even if the Court were to reach the point, Plaintiffs' argument based on pre-stabilization inpatient services is not accurate. Plaintiffs' argument implies that the coinsurance percentage is to be applied against any out-of-network billed charge, without limitation. This would be an absurd result and, at any rate, is not what the Plan provides. Rather, reimbursement for pre-stabilization inpatient services – and any calculation of coinsurance percentages – would have been based on the Maximum Reimbursable Charge. This is what actually happened. Plaintiffs are entitled to no further reimbursement, and summary judgment should be granted.

### A. Farkas Is Not Entitled to Be Paid 100% of its Billed Charges Because it Did not Render Services in an Emergency Room.

Summary judgment should be granted in Cigna's favor because there is no support in the record for the contention that Plaintiffs' claim should have been reimbursed at 100% of Plaintiffs' billed charges. Most importantly, the Plan explicitly states that the 100% coinsurance provision cited by Plaintiffs applies only to services provided *in an emergency room*.[4] Summary Plan Document, attached to the Certification of Michael Gottlieb ("Gottlieb Cert.") (Doc. No. 36-1) as Ex. B, at CIGNA_000085. The Plan reads:

> **Emergency Room** (includes all services rendered as part of the visit)
>
> Maximum Reimbursable Charge limits do not apply to charges for Emergency Services *provided in an emergency department* of a Hospital that is not a network Hospital.

*Id.* (emphasis added). By its express terms, the 100% coinsurance provision is location specific. Indeed, as Plaintiffs acknowledge, there are separate provisions governing reimbursement for inpatient care following an emergency room visit. Gottlieb Cert. Ex. B, at CIGNA_00096. Moreover, the exception to the Plan's Maximum Reimbursable Charge limits, by its terms, applies only to emergency services "provided *in an emergency department* of a Hospital that is not a network Hospital." *Id.* (emphasis added). By Plaintiffs' own admission, their services were not provided in an Emergency Room; the Health Insurance Claim Form it submitted to Cigna plainly indicated "place of service" code 21, meaning the services were rendered in an inpatient setting. Statement of Material Facts Pursuant to Local Rule 56.1 ("SOF") (Doc. No. 37-1) ¶¶ 2-3; Health

---

[4] Notably, the benefits schedule does not, as Plaintiffs claim, provide for reimbursement of 100% of a provider's billed charges for services rendered in an Emergency Room. Rather, it provides that Cigna would pay 100% of the amount owed, which would not necessarily be the charge billed for the services. Gottlieb Cert. Ex. B, at CIGNA_00083-84.

4

Insurance Claim Form, attached to the Gottlieb Cert. as Ex. D, at CIGNA_00010-12.

Accordingly, the 100% coinsurance provision for services rendered in an emergency room does not apply, and the Maximum Reimbursable Charge limits *do* apply. Under the Plan, the Maximum Reimbursable Charge is the lesser of "the provider's normal charge for a similar service or supply" or "an Employer-selected percentage of a schedule developed by Cigna that is based upon a methodology similar to a methodology used by Medicare to determine the allowable fee for the same or similar service within the geographic market." *Id.* at CIGNA_00095. In accordance with the terms of the Plan, Cigna reimbursed Plaintiffs based on the Maximum Reimbursable Charge. SOF ¶ 5; Explanation of Benefits, attached to the Gottlieb Cert. as Ex. E, at CIGNA_00025.

Plaintiffs' attempt to reframe the issue as whether they were properly reimbursed for pre-stabilization inpatient services need not be entertained. Throughout the internal appeal process and in their Amended Complaint in this Court, Plaintiffs relied solely on the Emergency Room provision, a provision that cannot be reconciled with the claim as actually filed. To reiterate, there can be no genuine issue of fact that Cigna did not abuse its discretion in declining to reimburse at Emergency Room rates for a claim that specifically stated it was for inpatient services. In fact, however, Cigna complied with the Plan when deciding Plaintiffs' claim and did not abuse its discretion in reimbursing subject to the Maximum Reimbursable Charge limitation, which, as discussed below, is consistent with the pre-stabilization inpatient services provision. Appeal Denial, attached to the Gottlieb Cert. as Ex. G, at CIGNA_000001-000002.

Little more need be said. Plaintiffs' arguments would require the Court to stretch the Plan's language beyond recognition. There is no basis whatsoever for the contention that the place of service is irrelevant. To the contrary, as described above, the Plan term Plaintiffs pleaded is

5

explicitly limited to services provided in an Emergency Room. Moreover, Plaintiffs' description of the services as "emergent" is a red herring. While the services were certainly important and treated a very serious condition they were rendered in an inpatient setting, and not in an Emergency Room. The Plan's reimbursement provision for services provided in an Emergency Room does not apply, therefore, and the Plan mandates that Plaintiffs be reimbursed on the basis of the Maximum Reimbursable Charge, which they were.

> **B.     Plaintiffs Are Barred From Asserting in Litigation a New Basis for Reimbursement That They Never Previously Presented to Cigna.**

ERISA provides a federal cause of action to review the determinations of benefits claims for employee benefit plans. The premise, however, is that the courts review a prior determination. To permit beneficiaries to assert brand new theories of why they are entitled to benefits would stand the basic nature of an ERISA case on its head. A claims administrator cannot err when it does not credit arguments or evidence that were never presented to it.

Plaintiffs try belatedly to salvage their claims by asserting that the services it rendered were pre-stabilization inpatient services and that Cigna should have treated them as such and provided greater reimbursement. But, Plaintiffs never told Cigna that their services were pre-stabilization inpatient services, neither in their initial claim nor in their appeal. SOF ¶ 7. In *Novella v. Westchester Cty.*, No. 02-2192, 2004 U.S. Dist. LEXIS 15152, at \*18 (S.D.N.Y. Aug. 2, 2004), the Court held that where the plaintiff never "told the plan administrators that he was collecting workers' compensation benefits," the administrators therefore never "had an opportunity to determine" whether he was "entitled to pension credits based on his receipt of workers' compensation benefits," and the plaintiff could not bring a claim for benefits based on a fact not previously before the administrators. The same is true here, where Plaintiffs never told Cigna that the services they provided were pre-stabilization inpatient services.

6

### C. If Plaintiffs' Services Were Considered Pre-Stabilization Inpatient Services, They Were Reimbursed Correctly.

In any event, Plaintiffs' protestations notwithstanding, the reimbursement Cigna paid is consistent with treating Plaintiffs' services as inpatient pre-stabilization services. Gottlieb Cert. Ex. B, at CIGNA_00083-84, CIGNA_00096 (indicating that notwithstanding that most non-network services are not covered, inpatient services provided before stabilization are covered and reimbursed at in-network coinsurance levels). Accordingly, even if the Court considers and accepts Plaintiffs' post-hoc re-characterization of the claim, there is still no evidence that Cigna abused its discretion. To the contrary, Cigna's reimbursement still complied with the Plan.

First, the Plan states that "[w]hen care is provided in a non-network Hospital or by a non-network Doctor, charges for inpatient care through Stabilization will be payable at the network Hospital coinsurance level and the network Doctor coinsurance level if the care is approved by Medical Management." Gottlieb Cert. Ex. B, at CIGNA_00096. In turn, the Plan's medical benefits schedule describes coinsurance as "a percentage *of the Maximum Reimbursable Charge* for Covered Expenses" (emphasis added) and states that, for network inpatient professional services, Cigna pays 80% of the Maximum Reimbursable Charge. Gottlieb Cert. Ex. B, at CIGNA_00083-84. As explained above, the Maximum Reimbursable Charge is the lesser of "the provider's normal charge for a similar service or supply" or "an Employer-selected percentage of a schedule developed by Cigna that is based upon a methodology similar to a methodology used by Medicare to determine the allowable fee for the same or similar service within the geographic market." *Id.* CIGNA_00095. Thus, assuming that Plaintiffs' services were covered as inpatient, pre-stabilization services, Cigna was obligated to pay 80% of the Maximum Reimbursable Charge for those services (but, because the patient had reached her out-of-pocket maximum, Cigna paid 100% of the Maximum Reimbursable Charge). SOF ¶ 6; Gottlieb Cert. Ex. E, at CIGNA_00025.

7

Notably, Plaintiffs quote the Plan term that provides for payment for pre-stabilization inpatient services, but do not point to any Plan term specifying that it is entitled to be paid 100% of its *billed* charges for such services. Plaintiffs' position (Doc. No. 36, at 9) flies in the face of the language of the Plan's pre-stabilization inpatient services provision, which, together with the Plan's medical benefits schedule as described above, explicitly links the percentage that Cigna is obligated to pay to the Maximum Reimbursable Charge.

Indeed, it is not clear what that statement means in terms of the dollar amount Cigna owed to Plaintiffs. Surely, Plaintiffs do not mean that the patient should be liable for 20% of the whatever the provider chooses to bill, which in this case would equal more than $66,000. Nor could Plaintiffs plausibly contend that the dollar amount of the patient's responsibility should remain the same for both in-network and out-of-network services, without some definition of what the allowed out-of-network total might be. The benefit and the plans' liability would be completely open-ended in that case.

But, in the face of the plain language of the Plan, these hypotheticals need not concern the Court. Even if the Court reaches Plaintiffs' pre-stabilization inpatient services theory – one never raised in the decision under review – Plaintiffs cannot adduce any genuine dispute that Cigna did not abuse its discretion in paying Plaintiffs on the basis of the Maximum Reimbursable Charge. Cigna respectfully submits that the Court should grant summary judgment in its favor and dismiss all of Plaintiffs' claim.

## II. SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE CIGNA IS NOT A PROPER DEFENDANT

As a matter of law, Cigna is not a proper defendant in this case. It did not have sole and total discretion with respect to benefit determination, and it therefore cannot be named as a defendant in a claim for benefits under the ERISA Plan at issue. Plaintiffs and PDS's arguments

to the contrary are inconsistent with Second Circuit law and should be rejected.

As stated in Cigna's moving brief (Doc. No. 24-1, at 12-14), courts in the Second Circuit have consistently held that claims administrators that lack sole and absolute discretion are not proper parties to be sued. These courts have confirmed that "'discretion alone is not enough to meet the statutory definition of an ERISA Plan Administrator[.]'" *Gallagher v. Empire HealthChoice Assurance, Inc.*, 339 F. Supp. 3d 248, 255 (S.D.N.Y. 2018) (quoting *Bushell v. UnitedHealth Grp. Inc.*, No. 17-2021, 2018 WL 1578167, at *8 (S.D.N.Y. Mar. 27, 2018) (internal quotation omitted)).

The cases cited by PDS – *Georgas v. Kreindler & Kreindler*, 41 F. Supp. 2d 470 (S.D.N.Y. 1999) and *Jones v. UNUM Provident Ins.*, No. 06-1427, 2007 WL 2609791 (N.D.N.Y. Sept. 5, 2007) – are not to the contrary. In *Georgas*, the "policies ma[d]e clear that Unum and Provident ha[d] the exclusive role of determining whether an employee will be granted disability benefits." 41 F. Supp. 2d at 474. Indeed, one of the policies at issue explicitly stated that Provident "shall have full, exclusive, and discretionary authority to control, manage, and administer claims, and to interpret and resolve all questions arising out of the administration, interpretation, and application of" the policy. *Id.* Although *Georgas* predated the Second Circuit's seminal opinion in *New York State Psychiatric Association, Inc. v. UnitedHealth Group*, 798 F.3d 125 (2d Cir. 2015), it was nevertheless consistent with the principle that only an administrator with "sole and absolute discretion" can be held liable on a claim for benefits under ERISA. The same is true of *Jones*, 2007 WL 2609791, which involved a plan that provided that "[a]ll benefit claim determinations made by Provident shall be final and conclusive, and are not subject to further appeal to [the employer]." *Id.* at *1. It was, therefore, unsurprising that the Court held that the employer had no "involvement in the decision making process regarding claims for [long-term disability] benefits."

9

*Id.* at *4.

Here, the language of the Plan is clear that, unlike the administrators in *Georgas* and *Jones*, Cigna did not have "sole and absolute discretion." Under the Plan, PDS – not Cigna – has the discretion to "determine benefit eligibility" under the self-funded Plan, "construe the terms of the self-funded Plan and resolve any disputes which may arise with regard to the rights of any person under the terms of the self-funded Plan, including but not limited to eligibility for participation and claims for benefits." Gottlieb Cert. Ex. B, at CIGNA_00079-80. Also, for initial claim determination, PDS – not Cigna – "has the discretionary authority to determine eligibility and to interpret the Plan." *Id.* at CIGNA_00080. And, Cigna's appeal determinations are not "final and binding," *New York State Psychiatric Association*, 798 F.3d at 132, because Plan participants have the right to request that the participant's "appeal be referred to an Independent Review Organization (IRO)." (*Id.* at 42.)

PDS's description of the Plan language, (Doc. No. 23-1, at 15) does not tell the whole story. Rather, it ignores key Plan language, including the availability of review by an IRO, that demonstrates that Cigna did not have sufficient authority to be a proper defendant in an ERISA action. That Plaintiffs did not avail themselves of the IRO procedure is of no moment. The existence of an external appeals procedure that binds Cigna, in and of itself, means that Cigna did not have "sole and absolute discretion" as a matter of law, and Cigna is not, therefore, a proper defendant. *Biller v. Excellus Health Plan, Inc.*, No. 14-0043, 2015 WL 5316129, at *13 (N.D.N.Y. Sept. 11, 2015) (claims administrator was not a property party for purposes of Section 1132(a)(1)(B) when "it was bound by the determination of an External Appeal Agent").

*Gallagher* is the same – there was no indication that the plaintiff took advantage of the available external review procedure, but the Court nevertheless held that because plaintiff had the

option of an external appeal, the plan made clear that the claim administrator did not make final and binding decisions concerning appeals. *Gallagher*, 339 F. Supp. 3d at 255. Plaintiffs' description of Cigna's conduct with respect to its claim (Doc. No. 36 at 11), is, therefore, irrelevant. And, contrary to Plaintiffs' contention, this case is exactly like *Gallagher*. Under the terms of the Plan and as a matter of law, Cigna did not have "total control over the benefits denial process," *New York State Psychiatric Association*, 798 F.3d at 132 n.5, and it is not a proper defendant in this action.

### III. SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIM IS DUPLICATIVE OF ITS CLAIM FOR BENEFITS.

Because Plaintiffs have an adequate remedy at law under Section 502(a)(1)(B), they cannot also obtain relief for "breach of fiduciary duty" under Section 502(a)(3). Plaintiffs' opposition completely misunderstands this elementary principle, and it misstates the case law on which it relies.

Plaintiffs make the misguided argument that *Varity Corp. v. Howe*, 516 U.S. 489 (1996) does not set out a bright-line rule that claims for equitable relief under Section 502(a)(3) are precluded when a plaintiff also brings claims for benefits under Section 502(a)(1)(B). (Doc. No. 36 at 13.) That may be so, but it ignores clear Second Circuit law that "where the gravamen of the [complaint] is a claim for damages and other monetary relief owing under a contractual obligation," *Hall v. Kodak Ret. Income Plan*, 363 F. App'x 103, 107 (2d Cir. 2010), a claim for breach of fiduciary duty under Section 502(a)(3) cannot stand. Indeed, courts decline "to perceive equitable clothing where the requested relief is nakedly contractual." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 104 (2d Cir. 2005). Plaintiffs make no argument that the relief they seek is equitable, as they must to pursue a claim under Section 502(a)(3). Rather, Plaintiffs openly admit that they are seeking "the payment of money" pursuant to the Plan. (Doc. No. 36 at 13; Am.

11

Compl. at 10 (seeking payment of $332,300, payment of "all benefits" to which the patient would be entitled, and "compensatory damages and interest").

In the last paragraph of their opposition, Plaintiffs attempt to argue that they do not merely allege a failure to pay benefits. They claim that Cigna also breached its fiduciary duty by including in its explanation of benefits language stating that "acceptance of payment is full reimbursement less co-pay, coinsurance, or deductible." (Doc. No. 36 at 13; Am. Compl. ¶¶ 23-25, Ex. E.) But neither the Amended Complaint nor Plaintiffs' opposition offers any explanation as to how the relief for such a breach would be any different from the relief obtainable through Plaintiffs' claim for benefits. Indeed, the plain language of the Amended Complaint makes clear that Plaintiffs did not deposit the $6,893.20 they received from Cigna because they believed they were entitled to more reimbursement under the terms of the Plan. (Am. Compl. ¶¶ 21-25, 31-32, 38, 42 (stating that the relief Plaintiff seeks is "the outstanding balance")). Nor do Plaintiffs attempt to explain how the "conditional language" in the explanation of benefits is anything other than a statement by Cigna that the amount it paid was all that it was obligated to pay under the terms of the Plan. In fact, Plaintiffs acknowledge that had they accepted the payment, Cigna would have fulfilled its obligation under the Plan. There is, therefore, no dispute that Plaintiffs seek the same relief in its claims for benefits under Section 502(a)(1)(B) and for breach of fiduciary under Section 502(a)(3).

The Supreme Court's decision in *CIGNA Corp. v. Amara*, 563 U.S. 421 (2011) is completely irrelevant and does not save Plaintiffs' breach of fiduciary duty claim. In *Amara*, the Court explicitly held that the relief the plaintiffs there sought – reformation of the plan at issue and enforcement of the reformed plan terms – was not available under Section 502(a)(1)(B), so it turned to Section 502(a)(3) to find support for the equitable remedy of reformation, even if it meant that the plaintiff's ultimate relief would come in the form of money paid pursuant to the reformed

12

plan. *Id.* at 436-38, 440-41. *Amara* did not hold, as Plaintiffs suggest, that a plaintiff can pursue money damages under Section 502(a)(3) when that same relief can be obtained by simply enforcing a plan's purported terms under Section 502(a)(1)(B). There is no claim for reformation here, as there was in *Amara*, only a straightforward claim for benefits under the terms of the Plan.

For the foregoing reasons, under *Varity*, 516 U.S. at 512 (stating that where an adequate remedy is available elsewhere, a claim for equitable relief under Section 502(a)(3) will not lie), Plaintiffs' breach of fiduciary duty claim is identical to its claim for ERISA benefits, and its breach of fiduciary duty claim must be dismissed.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in Cigna's moving brief (Doc. No. 24-1), Cigna respectfully submits that the Court should grant summary judgment in its favor and dismiss all of Plaintiffs' claims.

Respectfully submitted,

| | | |
|---|---|---|
| Dated: May 8, 2019<br>Newark, New Jersey | By: | s/ E. Evans Wohlforth, Jr.<br>E. Evans Wohlforth, Jr., Esq.<br>**GIBBONS P.C.**<br>One Gateway Center<br>Newark, NJ 07102-5310<br>Tel: (973) 596-4879<br>Fax: (973) 639-6486<br>ewohlforth@gibbonslaw.com<br><br>*Attorneys for Cigna Health and Life Insurance Company* |